UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALING CHEN,<br><br>             Petitioner,<br><br>    v.<br><br>WARDEN, et al.,<br><br>             Respondents. | No.  1:26-cv-03617-DAD-CSK<br><br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On May 11, 2026, petitioner Kaling Chen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and a motion for temporary restraining order.  (Doc. No. 1.)  The same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] and a motion to appoint counsel (Doc. No. 3).  Petitioner alleges that she was ordered removed in July 2019, she was previously detained and released, and she was recently re-detained on February 2, 2026.  (*Id.* at 2–3.)  Petitioner seeks immediate release and certain protections from third country removal. (*Id.* at 19–20.)

---

[1]  Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

On May 14, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order.  (Doc. No. 7.)  Therein, respondents argue that because petitioner violated the conditions of her release, respondents were permitted to re-detain her without following the procedures typically required for revocation of removal.  (*Id.* at 2.)  Respondents support this claim by comparing 8 C.F.R. § 241.13(i)(1) with 8 C.F.R. § 241.13(i)(3).  (*Id.* at 3.)  8 C.F.R. § 241.13(i)(1) establishes that violation of conditions of release is one reason release may be revoked, while 8 C.F.R. § 241.13(i)(3) provides the procedures that must be followed upon revocation of removal, regardless of the reason for the revocation.  Because respondents were obligated to follow the revocation of release procedures and did not do so here, the court concludes that petitioner must be released.  See *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *5 (E.D. Cal. Dec. 2, 2025).

For the reasons explained above,

1.    Petitioner's petition for writ of habeas corpus and motion for temporary restraining order (Doc. No. 1) is GRANTED in part;

    a.    Petitioner's petition for writ of habeas corpus is GRANTED in part:

        i.    Respondents are ORDERED to immediately release petitioner, A-File No. 207-769-349, from respondent's custody on the same conditions she was subject to immediately prior to her February 2, 2026 detention;

        ii.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

        iii.    Petitioner's requests as to third country removal are DENIED without prejudice to renewal if such issue becomes ripe for the court's review;

    b.    Petitioner's motion for a temporary restraining order is hereby DENIED as having been rendered moot by this order granting her petition for habeas relief;

2.    Petitioner's motion for appointment of counsel (Doc. No. 3) is hereby DENID as having been rendered moot in light of this order;

2

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Detention Center; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 4, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE